UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FOUNDATION CHURCH INC,

   Plaintiff,

v.                                                                          Case No: 8:23-cv-2847-CEH-JSS

INDEPENDENT SPECIALTY
INSURANCE COMPANY and
CERTAIN UNDERWRITERS AT
LLOYD'S AND OTHER INSURERS
SUBSCRIBING TO BINDING
AUTHORITY B604510568622021,

   Defendants.
_____/

## ORDER

This matter comes before the Court on the Defendants' Motion to Stay Proceeding Pending Ruling on Motion to Compel Arbitration (Doc. 16), filed on November 29, 2023.  In the motion, Defendants request the Court stay discovery pending a ruling on their Motion to Compel Arbitration.  Plaintiff opposes the motion to stay. Doc. 19. The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Stay Proceeding Pending Ruling on Motion to Compel Arbitration.

## DISCUSSION

Plaintiff Foundation Church, Inc. filed a Complaint for breach of contract in Lee County state court against Defendants, Independent Specialty Insurance Company & Certain Underwriters at Lloyd's London and other insurers subscribing

to binding authority B604510568622021. Doc. 4. In its Complaint, Plaintiff seeks to recover from its insurer for damages to its property located in North Port, Florida, caused by Hurricane Ian on or about September 28, 2022. *Id.* Defendants removed the action to the Orlando Division of the United States District Court for the Middle District of Florida and filed a motion to compel arbitration. Docs. 1, 12. The action was ultimately transferred to the Tampa Division as the property at issue is located in Sarasota County, which is in the Tampa Division of the Middle District of Florida. Doc. 21.

Now before the Court is Defendants' Motion to Stay Proceeding in which Defendants seek a stay of discovery for good cause pursuant to Fed. R. Civ. P. 26(c), pending a ruling on Defendants' motion to compel arbitration. Doc. 16. In support, Defendants argue that courts in this Circuit routinely grant motions to compel arbitration brought under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act, and thus a stay of discovery is warranted to protect the parties' rights and to preserve judicial resources.

Plaintiff opposes the motion arguing that the insurance policy's arbitration clause is unconscionable and unenforceable. Doc. 19. Because the property is located in Florida, Plaintiff submits that requiring the dispute to be transferred to a foreign forum divests Plaintiff of its rights under Florida law.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Pursuant to Rule 26(c), a court may stay discovery if there is good cause, such as "the elimination of unnecessary expenditures of time, money,

and other resources." *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-HES-JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008). Good cause exists here. A stay of discovery could avoid unneeded litigation and preserve judicial resources.

Under 9 U.S.C. § 16(a), a party may take an interlocutory appeal of a district court's denial of the party's motion to compel arbitration. "The common practice in § 16(a) cases, therefore, is for a district court to stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 (2023). Absent a stay of district court proceedings while the matter is on appeal results in "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) [to] be irretrievably lost." *Id.* at 743. The same reasoning supports a stay here where the Court finds, based on a review of the motion to compel arbitration, that the motion was filed in good faith. Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Stay Proceeding Pending Ruling on Motion to Compel Arbitration (Doc. 16) is **GRANTED**.

2. This case is **STAYED** until further order of the Court.

3. The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in Tampa, Florida on January 4, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any